# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

ASSOCIATION FOR DISABLED
AMERICANS, INC., CHERYL PRICE,
JORGE LUIS RODRIGUEZ,

                    Plaintiffs,

-vs-                                                    Case No.  6:01-cv-490-Orl-28KRS

YORK INN OF MELBOURNE, INC.,
MOHAMMAD H. MALIK,

                    Defendants.
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO RE-OPEN PROCEEDINGS, TO ENFORCE MEDIATED SETTLEMENT AGREEMENT, AND FOR COURT RATIFICATION OF THE PARTIES' CONSENT DECREE AND FOR ENTRY OF A FINAL JUDGMENT THEREON (Doc. No. 68)** |
| **FILED:** | **November 29, 2007** |

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' UNOPPOSED MOTION FOR DISMISSAL OF ACTION AS TO ASSOCIATION FOR DISABLED AMERICANS, INC. AND CHERYL PRICE ONLY (Doc. No. 70)** |
| **FILED:** | **November 29, 2007** |

I.      BACKGROUND.

Plaintiffs Association for Disabled Americans, Inc., Cheryl Price, and Jorge Luis Rodriguez filed the present case against Defendants York Inn of Melbourne, Inc. (York Inn) and Mohammad H. Malik seeking injunctive relief under the Americans with Disabilities Act (ADA).  Specifically, Plaintiffs sought to have Defendants' property, a hotel, brought into compliance with the ADA.

The litigation was stayed for some time during the pendency of Malik's bankruptcy case.  Doc. Nos. 23, 24, 28, 34, 36, 39, 43.  The stay was lifted on May 24, 2007.  Doc. No. 48.

On October 4, 2007, Rodriguez[1] and Malik, individually and as a representative of York Inn, participated in mediation at which the case was completely settled.  Doc. No. 65, 67.  Rodriguez and Malik, along with their counsel, signed a handwritten settlement agreement apparently prepared by the mediator.  It provides that the parties would perform the items on Exhibit A to the agreement, which is a handwritten list of alterations and modifications to be made to the hotel.  Doc. No. 68-2.  The agreement further provides that Defendants would "pay Plaintiff's counsel attorney's fees as follows: $10,000 within 30 days of this agreement and an additional $3,000 30 days thereafter."  *Id.* at 2.  The agreement also provided that "[i]f payments are not made as indicated Plaintiff is entitled to a judgment in the amount of $37,500 minus any payments made."  *Id.* at 2-3.  The agreement contemplated that the parties would enter into "a formal settlement agreement further outlining the repair work and the terms/timing of the work."  *Id.* at 3.

---

[1]  Counsel for plaintiffs states in the motion that Plaintiffs Association for Disabled Americans, Inc. and Price did not actively participate in the litigation.  Doc. No. 68 at 2.  Accordingly, he seeks to dismiss them from the case.  *See* Doc. No. 70.

Based on the notice of settlement, the Court dismissed the case without prejudice "subject to the right of any party to re-open the action within sixty (60) days, upon good cause shown, or to submit a stipulated form of final order or judgment." Doc. No. 66.

The parties did not prepare a formal settlement agreement. Rather, counsel for Rodriguez prepared a proposed consent decree. The consent decree substantially conformed to the terms of the handwritten settlement agreement, including the attorney's fees payment provisions. Doc. No. 68-4.[2]

On October 8, 2007, counsel for Rodriguez submitted a proposed consent decree to counsel for Defendants for review. Doc. No. 68-4. The proposed consent decree outlined "alterations and improvements" to be made to the Defendants' hotel. Doc. No. 80 at 6-7. It provided that Defendants would pay $13,000.00 in attorneys' fees, $10,000.00 of which was due by November 3, 2007, and $3,000.00 of which was due by December 3, 2007. Doc. No. 80 at 7. On October 8, 2007, counsel for Defendants agreed to the terms of the consent decree by e-mail. Doc. No. 79. Sometime before December 20, 2007, Malik signed the proposed consent decree. Doc. No. 80. There is no evidence in the record that Rodriguez signed the proposed consent decree.[3]

It is undisputed Defendants did not tender the attorney's fees within the time required by the settlement agreement. Beginning at least as early as November 12, 2007, counsel for Rodriguez began demanding payment of the attorney's fees. *See, e.g.,* Doc. No. 76 at 25, 27, 31. On November 29,

---

[2] The proposed consent decree requires that the alterations and modifications to the hotel be completed by September 30, 2008. Doc. No. 68-4 at 5.

[3] I entered an order on July 16, 2008, requiring counsel for Rodriguez to provide, on or before July 21, 2008, a copy of the proposed consent decree signed by Rodriguez. Doc. No. 81. Counsel had not filed anything in response to that order at the time of the writing of this Report and Recommendation.

2007, when payment had not been received, Rodriguez filed a motion to reopen the case and to enforce the settlement agreement. Doc. No. 68.

Malik apparently deposited $13,000.00 into his attorneys' trust account on about December 13, 2007. On December 14, 2007, counsel for Malik wrote to counsel for Rodriguez offering to proceed with the settlement. Doc. No. 76, Ex. L.

The Honorable John Antoon, II, presiding district judge, referred the above-referenced motions to me for issuance of a report and recommendation.

## II.    ANALYSIS.

### A.    *Jurisdiction.*

The United States Court of Appeals for the Eleventh Circuit has held that "a district court has jurisdiction to enforce a settlement agreement, at least when one party refuses to abide by the agreement prior to dismissal of the action." *Kent v. Baker*, 815 F.2d 1395, 1400 (11th Cir. 1987). The Court dismissed the present case without prejudice with leave to seek to reopen it for good cause or for entry of a stipulated form of order or final judgment. The motion to reopen was timely filed. Accordingly, the Court retained jurisdiction to enter a final judgment in the case

### B.    *Breach of the Settlement Agreement.*

This Court looks to Florida law to determine whether the parties reached an enforceable settlement agreement. *See Londono v. City of Gainesville*, 768 F.2d 1223, 1227 (11th Cir. 1985). "Settlement agreements in Florida are interpreted and governed by the law of contracts. . . . The party seeking to enforce a settlement agreement bears the burden of showing the opposing party assented to the terms of the agreement." *BP Prods. N. Am., Inc. v. Oakridge at Winegard, Inc.*, 469 F. Supp. 2d

1128, 1133  (M.D. Fla. 2007)(citing *Williams v. Ingram*, 605 So. 2d 890 (Fla 1st Dist. Ct. App. 1992),

and *Carroll v. Carroll*, 532 So. 2d 1109 (Fla. 4th Dist. Ct. App. 1988)).

"To compel enforcement of a settlement agreement, its terms must be sufficiently specific and

mutually agreed upon as to every essential element." *Id.* at 1133.  The present case was brought for

the purpose of requiring Defendants to modify their hotel in compliance with the ADA.  Exhibit A to

the handwritten settlement agreement addresses the alterations and modifications to be made to the

hotel.  The settlement agreement also resolved the issue of attorney's fees.  Therefore, the handwritten

settlement agreement contained every essential element of the agreement.  Rodriguez and Malik signed

the handwritten settlement agreement, indicating their agreement to its terms.   Accordingly, the

evidence establishes that the parties entered into an enforceable settlement agreement.

Malik contends that his delay in making the attorneys' fee payment was not a material breach

of the contract, relying on *Rose v. Ditto*, 804 So. 2d 351 (Fla. 4th Dist. Ct. App. 2001).  In that case,

as part of a divorce settlement, the parties agreed that Rose would pay child support arrearages in two

equal installments of $10,000 on July 1, 1999 and August 1, 1999.  The agreement provided that if

payment was not made by these dates, Ditto could seek the full amount of arrearages plus interest.  *Id.*

at 352.  Rose tendered the first $10,000 installment payment on July 3, 1999, two days after the due

date.  He timely tendered the second $10,000 installment payment on July 31, 1999.  Ditto rejected both

payments, and sought to recover $31,700 in arrearages under the agreement.  *Id.* at 352.  The Court

conducted an evidentiary hearing at which it found that the untimely first installment payment was a

material breach of the settlement agreement.

The Fourth District Court of Appeal reversed that decision.  It reasoned that "'[t]he modern

trend of decisions concerning brief delays by one party in performance of a contract or conditions

thereunder, in the absence of an express stipulation in the contract that time is of the essence, is not to treat such delays as a failure of a constructive condition discharging the other party unless performance on time was clearly an essential and vital part of the bargain.'" *Id.* (quoting *Nat'l Exhibition Co. v. Ball*, 139 So. 2d 489, 492 (Fla. 2d Dist Ct. App. 1962)).  It noted that time would be considered of the essence in three circumstances: (1) when the agreement stated that time was of the essence; (2) when treating the time as a non-essential term would produce a hardship or necessarily subject the other party to serious injury or loss; and, (3) when express notice was given to the defaulting party requiring the contract to be performed within a stated time, which stated time must be reasonable under the circumstances of the case. *Id.* at 352-53 (citing *Blaustein v. Weiss*, 409 So. 2d 103, 105 (Fla. 4th Dist. Ct. App. 1982).  The court found that none of these circumstances existed and, as such, the date for the installment payments would not be considered a essential and vital part of the bargain.

In reaching this decision, the court distinguished the case from a mediated dispute between commercial parties, citing *Treasure Coast, Inc. v. Ludlum Construction Co.*, 760 So. 2d 232 (Fla. 4th Dist. Ct. App. 2000).  *Id.* at 353.  In *Treasure Coast*, the corporate parties contracted for containment and removal of petroleum contamination at a building construction site.  Plaintiff performed the contracted for services, but Defendant did not make the agreed payment, which lead to the lawsuit.  At mediation, the parties agreed that Defendant would pay Plaintiff $37,000 in installments due by the first of each month.  The agreement provided that "[i]f any payment is more than ten days late then the Plaintiff will be entitled to a judgment upon Affidavit against the Defendant for $65,000.00 less payments made." 760 So. 2d at 233.  Defendant tendered its second installment payment on August 17, sixteen days after the due date.  Plaintiff then moved for entry of a judgment under the provisions

of the settlement agreement. Defendant objected to the motion, arguing that the delay in payment was due to a clerical error. *Id.* at 234. The trial court declined to enforce the settlement agreement.

The Fourth District Court of Appeal reversed the trial court's decision. It found that the terms of the settlement agreement were clear and unambiguous and that the second installment payment was more than ten days late. It noted that the settlement agreement provided no other provision for curing the default except entry of a judgment in the amount of $65,000. Although the agreement did not expressly state that time was of the essence, "the terms in this agreement clearly contained the express provision for payment of a sum certain on a specific date. In providing appellant with a specific remedy, judgment for the entire amount due and owing in the event of nonpayment, the parties essentially agreed that time was of the essence." *Id.* at 235. Therefore, the court ordered that judgment be entered in favor of the Plaintiff in the amount provided for in the settlement agreement. *Id.*

I find the present case more analogous to *Rose* than to *Treasure Island.* In the present case, the dispute was not between solely commercial parties as was the case in *Treasure Island.* The settlement agreement did not expressly provide that time was of the essence in making the modifications and alterations to the hotel or paying the agreed attorney's fees.[4] Rodriguez has not alleged or shown that the essential terms of the agreement with respect to alterations and modifications to the hotel have not been made. Rodriguez has not established that the delay until December 14, 2007, in tendering the attorney's fee payment subjected him to undue hardship or serious injury or loss. *Cf. Centurion Air Cargo, Inc. v. United Parcel Serv. Co.*, 420 F.3d 1146, 1151 (11th Cir. 2005)(court found delay in

---

[4] Rodriguez argues that the proposed consent decree contains an express "time is of the essence" clause. There is no showing that Rodriguez signed the proposed consent decree, and the consent decree has not been entered by the Court. Accordingly, the terms of the proposed consent decree are not relevant to the present analysis.

-7-

payment under agreement between two commercial parties was not material breach because no evidence of damage to non-defaulting party arising from the delay in payment).

Rodriguez has shown that, unlike the situation in *Rose*, his attorney made a post-default demand for payment. Counsel began asking for the payments on November 12, 2007. Doc. No. 76 at 25. On November 19, 2007, he again inquired about the payment and indicated that if the "checks" were not received within two business days, by November 21, 2007, he would move to reopen the case. Doc. No. 76 at 31. Providing Defendants with only two business days' notice to make payment, and demanding payment of both installments ("checks"), even though the installment payment of $3,000 was not due until December 3, 2007, did not give Defendants a reasonable time to respond to the post-default demand. Accordingly, because the post-default demand was not reasonable under the circumstances, these facts also do not provide a basis to conclude that time was of the essence regarding the date when payment of the attorney's fees were due.

Accordingly, I recommend that the Court find that the motion to reopen the case and enforce the mediated settlement agreement is not supported by fact or law.

## IV.   RECOMMENDATION.

For the reasons set forth in the foregoing report, I respectfully recommend that the Court do the following:

1.     **DENY AS MOOT** Plaintiffs' Unopposed Motion for Dismissal of Action as to Association for Disabled Americans, Inc. and Cheryl Price Only (Doc. No. 70) because the case has previously been dismissed; and,

2.      **DENY** Plaintiff's Motion to Re-open Proceedings, to Enforce Mediated Settlement Agreement, and for Court Ratification of the Parties' Consent Decree and for Entry of a Final Judgment Thereon (Doc. No. 68).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 22, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy